IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARY DORDIESKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:15-CV-00180-PPS-PRC |
| | ) |
| AUSTRIAN AIRLINES, AG, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF, MARY DORDIESKI'S, REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff, Mary Dordieski ("Plaintiff" and/or "Mary"), by counsel, Giorgi & Bebekoski, LLC, for her Reply to Defendant, Austrian Airlines, AG's ("Defendant" and/or "Austrian Airlines") Response in Opposition to Plaintiff's Motion for leave to file her First Amended Complaint, pursuant to Fed. R. Civ. P. 7 and N.D. Ind. L.R. 7-1, states as follows:

## I. PROCEDURAL HISTORY

On August 3, 2015, Defendant, Austrian Airlines, filed a Motion to Dismiss based on *forum non conveniens*, asserting, among other things, that the Plaintiff's Complaint should be dismissed because Toronto is a more convenient forum, where non-party, Swissport Canada Holdings, Inc., f/k/a Servisair, Inc., a/k/a Swissport International Ltd. ("Swissport"), allegedly is based and where the Plaintiff's injury occurred while on Defendant's aircraft.

On August 17, 2015, the Plaintiff, Mary Dordieski, filed her Response to the Defendant's Motion to Dismiss ("Response"), in which she outlined the jurisdictional fora provided under the Montreal Convention, none of which vested any Canadian court with subject-matter jurisdiction.

On September 4, 2015, the Defendant filed its Reply, in essence reiterating what it had initially stated in its Motion.

On September 15, 2015, the Plaintiff filed a Motion for leave to amend her Complaint to include the non-party, Swissport, in the suit.

On September 29, 2015, the Defendant filed its Response objecting to the grant of leave to amend the Complaint to include the non-party named by the Defendant on the grounds that the Plaintiff's Proposed Amended Complaint would be futile. In support of its argument, the Defendant inaccurately asserts that this Court lacks personal jurisdiction over Swissport. In addition, despite the fact that the issue of *forum non conveniens* was fully briefed and pending the Court's consideration prior to the Plaintiff filing her Motion for leave to amend her Complaint, the Defendant, nevertheless, takes this opportunity to re-present this issue in its latest Response. The Defendant uses its Response to once again make the argument that Toronto is the more convenient forum, ignoring the jurisdictional tenets of the Montreal Convention, which, as said, do not confer jurisdiction on Canadian courts, even with the addition of Swissport to the present action.[1]

Under the tenets of the Montreal Convention and the case law that is dispositive of this issue as set forth below, Mary should properly be granted leave to amend her Complaint so that Swissport could be added as a defendant to the suit.

## II. LEGAL STANDARD

[1] Pursuant to Article 33 of the Montreal Convention, only courts located in the following places have subject-matter jurisdiction to hear this case: (1) the place where the carrier is domiciled (Austria), (2) the place where the carrier has its principal place of business (Austria); (3) the place where the ticket was purchased (United States), (4) the place of final destination (United States); and (5) the principal and permanent place of residence of the Plaintiff (United States – Lake County, Indiana). *See* Montreal Convention, Article 33. Given that Swissport is a ground handling agent of Defendant, Austrian Airlines, and not a "carrier" for purposes of Article 33 of the Montreal Convention, the aforementioned analysis of subject-matter jurisdiction does not change with the inclusion of Swissport in the present action, and no Canadian court can exercise jurisdiction over this matter under Article 33 of the Montreal Convention.

Mary's claims against Austrian Airlines and the proposed claims against Swissport all arise under the Montreal Convention. Clearly, this court has original jurisdiction over her claims pursuant to 28 U.S.C. § 1331 as a federal question supplies the basis of subject-matter jurisdiction. ("The district courts shall have original jurisdiction of all civil action arising under the Constitution, laws or treatises of the U.S."). 28 U.S.C. § 1331. With regard to establishing a basis for the assertion of personal jurisdiction over Swissport, Mary's burden is very light as it only requires that she establish a *prima facie* case for personal jurisdiction. *Hexacomb Corp. v. Damage Prevention Prods. Corp.*, 905 F. Supp. 557, 564 (N.D. Ind. 1995). In that regard, a court must accept as true all undenied factual assertions in the plaintiff's submissions and resolve all disputes regarding relevant facts in the favor of the plaintiff. *Id.* at 564. When a district court rules on a motion to dismiss without holding an evidentiary hearing, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

It is worth noting, however, that the Plaintiff's instant Reply is atypical inasmuch as it is not in response to a motion to dismiss for lack of personal jurisdiction filed by a defendant opposing the assertion of personal jurisdiction as to such defendant. Instead, Austrian Airlines, which previously identified Swissport as a non-party and alleged its employees are not only key witnesses but also caused the Plaintiff's injuries, now opposes the Plaintiff's attempt to name Swissport in the suit. (*See* Court's Doc. 21, p.2). The Defendant, Austrian Airlines, presently opposes Mary's attempt to include the very party in the action that the same Defendant presented as a party against whom fault should be allocated as part of its Affirmative Defenses.[2] It is

[2] Defendant's Affirmative Defense number 5 states, "Plaintiff's damages, if any, have been or might have been fully or partially caused by a non-party not yet identified but which will be identified by this Defendant, and/or might have been furthermore fully or partially caused by the non-party Swissport Canada Handling, Inc., f/k/a Servisair Inc., and/or any other defendant in this action or non-party otherwise identified. (*See* Court Doc. 16, p. 7).

illogical and contrary to the comparative fault analysis prescribed by the applicable rules and the tenets of the Montreal Convention to both allow the Defendant to plead a non-party defense and then allow that same Defendant to preclude the non-party it identified from being joined within the suit. If for any reason the Court were to deny the amendment of the Complaint to include the non-party, then this Court should at the same time strike the Defendant's Affirmative Defense number 5. Despite the Defendant's double-tongued statements, because this Court has both subject matter and personal jurisdiction, as set forth below, the Plaintiff's Motion for Leave to Amend her Complaint should be granted in order to provide complete relief and apportionment of fault as suggested by the Defendant, Austrian Airlines, itself.

## III. DISCUSSION

### A. The Plaintiff's Motion for Leave to Amend her Complaint Should be Granted Because the Court Has General Personal Jurisdiction Over Swissport.

The Defendant appears to concede that this Court has subject-matter jurisdiction over Swissport given that it only finds issue with regard to personal jurisdiction over Swissport. However, the Defendant is incorrect in its assertion as this Court not only has subject-matter jurisdiction over Swissport, but also has personal jurisdiction.

As a preliminary matter in a federal question case, the court must first look to whether the federal law at issue prescribes nationwide service of process. *Alpha Tau Omega Fraternity v. Pure Country, Inc.*, 185 F. Supp. 2d 951, 956 (S.D. Ind. 2002). In the case at bar, the Court would examine whether the Montreal Convention provides for nationwide service of process with respect to Swissport. This appears to be an issue of first impression for this Court. A small number of courts have held that the Montreal Convention does not affect a court's interpretation and application of its own procedural rules. *Sampson v. Delta Air Lines, Inc.*, 2013 U.S. Dist. LEXIS 175296 *7 (D. Utah 2013). Given that Article 33, Section 4 of the convention stipulates,

"all matters of procedure shall be governed by the law of the court handling the case," we can infer that the Convention does not expressly provide for nationwide service of process.

If this Court were to find that the Montreal Convention does not provide for nationwide service of process, then in order to establish personal jurisdiction over Swissport, it must look to whether Swissport has sufficient contacts with the United States under the Due Process Analysis of the Fifth Amendment and whether it is amenable to service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure law. For purposes of establishing the Swissport is amenable to the Court's service of process, we look to Indiana's long arm statute and employ the Fourteenth Amendment due process analysis. *L.H. Carbide Corp. v. The Piece Maker Comp.*, 852 F. Supp. 1425, 1432 (N.D. Ind. 1994). General personal jurisdiction over Swissport is vested with the Court under both the Fifth and Fourteenth Due Process Analysis.

**1. Swissport's Systematic and Continuous Contacts With the United States are Sufficient to Satisfy the Relaxed Due Process Analysis Under the Fifth Amendment and Confer This Court With Personal Jurisdiction Over It.**

The due process analysis is different when, as here, the claims arise under and jurisdiction is based upon a federal question. The Seventh Circuit has held that in federal question cases, a plaintiff must show two things to demonstrate that the court has personal jurisdiction over the defendant: 1) that haling the defendant into court accords with the Due Process Claus of the Fifth Amendment; and 2) that the defendant is amendable to service of process from the court. *United States v. De Ortiz*, 910 F.2d 376, 381-82 (7th Cir. 1990). In *Lisak*, the Seventh Circuit held that "a federal court in a federal question case is not implementing any state's policy; it exercises the power of the United States." *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987) *see also United Rope Distributors, Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532, 534 (7th Cir. 1991). "When a national court

applies national law, the due process clause requires only that the defendant possess sufficient contacts with the United States. Whether the forum within the United States is convenient for the defendant is a question of venue and discretionary doctrines allowing transfers; it has nothing to do with judicial power." *United Rope Distributors, Inc.*, 930 F.2d at 534. Judge Easterbrook stated that even if there are inadequacies in applying a state's long-arm statute, a federal district court should still be able to assert personal jurisdiction over a non-resident defendant in a federal question claim. *L.H. Carbide Corp.* at 1251 (citing to *United Rope Distributors, Inc.* at 534).

In addition, when a federal district court is presented with a federal question, the determinative factor with respect to personal jurisdiction is whether the defendant has had minimum contacts with the United States as a whole, rather than whether the defendant has had minimum contacts with the forum state, as Austrian Airlines suggests in its Response. *Id.* This standard is in contrast to the standard applied in diversity actions where the federal court implements a state policy with the goal of safeguarding the citizens of that particular forum. *Id.*

As the instant case arises under a treaty, the Court is required to implement a national policy regarding the defendant's contacts with all of the States of our country. *Id.* This is logical inasmuch as U.S. treaties impact not only the citizens of the forum state, but all citizens of our country. Thus, in examining Swissport's Fifth Amendment due process rights, the Court should apply a more relaxed version of the Fourteenth Amendment "minimum contacts" due process test, as announced in *International Shoe Co. v. Washington* in 1945. 326 U.S. 310 (1945). The Fourteenth Amendment due process analysis requires that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Willingway Hosp., Inc. v. Blue Cross & Blue Shield of Ohio*, 870 F. Supp. 1102 (S.D. Ga. 1994). This is in contrast to the more liberal Fifth Amendment due process analysis, which simply requires sufficient

aggregate contacts with the United States as a whole and leaves the issue of whether there are adequate contacts with any particular forum state to be addressed as a venue or transfer question. *ISI Int'l, Inc. v. Borden Ladner Gervais, LLP*, 256 F.3d 548, 551 (7th Cir. 2001); *Wiley v. Cronic*, 2008 U.S. Dist. LEXIS 11468 *6, ft. 2 (S.D. Ill. 2008).

Swissport, which is headquartered in Zurich, Switzerland, has an extensive presence in the United States and its contacts with our country are continuous and systematic. (*See* Swissport's website page here[3]; *see also* copies of pages from Swissport's website, attached hereto as Exhibit "A"). A search of the Indiana Secretary of State's Office website indicates that in the United States, Swissport is incorporated in Delaware and has a principal place of business in Virginia. (*See* Documents on file with the Indiana Secretary of State Office, attached hereto as Group Exhibit "B"). Swissport's presence in the United States is significant to say the least, as it provides services related to passengers, cargo, ground handling, fueling, executive aviation, security and maintenance in fifty-two (52) airports in the United States. (*See* Exhibit "A").

At its interactive website, Swissport advertises that it "currently provides passenger and ramp handling at over 192 stations worldwide and serves in excess of 224 million passengers per annum. Today, Swissport is recognized as the biggest independent global ground services provider with the largest number of hub and LCC base operations globally." (*See* Swissport's website page here; *see also* copies of pages from Swissport's website, attached hereto as Exhibit "C"). Based on the foregoing, Swisssport is domiciled and conducts business in the United States so that its contacts with this country are sufficient to support the fairness of the exercise of jurisdiction over it by this Court. *Vlasak v. Rapid Collection Systems, Inc.*, 962 F. Supp. 1096, 1099 (N.D. Ill. 1997) (holding that a defendant who resides or conducts business on American

[3] For the Court's convenience, the Plaintiff provides a hyperlink to the referenced websites by pressing Ctrl and clicking on the word "Here" which appears in blue in the Reply.

soil has sufficient contacts to justify the exercise of jurisdiction over him)). Thus, the Court has personal jurisdiction over Swissport based on its extensive contacts and significant presence in the United States.

**2. Swissport's Systematic and Continuous Contacts With the State of Indiana are Sufficient to Satisfy Indiana's Long Arm Statute and the Fourteenth Amendment Due Process Analysis and to Confer This Court With General Personal Jurisdiction.**

In the event the Court applies the more stringent Fourteenth Amendment Due Process Analysis to the issue of personal jurisdiction over Swissport, it should still find that its systematic and continuous contacts with the State of Indiana are sufficient to satisfy this standard. Also, regardless whether we establish general or specific jurisdiction over Swissport, the critical inquiry under both theories is whether the Court's exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe*, 326 U.s. 310, 316 (1945). This Court may exercise general personal jurisdiction over Swissport as it is a foreign corporation with continuous and systematic contacts with the State of Indiana so that it could reasonably anticipate being brought into its courts.

Swissport's business network is extensive not only in the United States as a whole but in Indiana as well. Swissport is registered with the Indiana's Secretary of State's Office as a foreign corporation authorized to conduct business in the State of Indiana. (*See* Documents on file with the Indiana Secretary of State Office, attached hereto as Group Exhibit "B"). The office of Swissport's registered agent is located in Indianapolis. *Id.* In fact, Servisair, which Swissport acquired in August of 2013, was originally registered to conduct business in the State of Indiana in 2003. *Id.* Thus, all of the business which Swissport acquired through its acquisition of Servisair, has been registered and authorized pursuant to Indiana law since September 23, 2003.

In addition, Swissport's interactive website identifies Joe Phelan as its Executive Vice President for North America. (*See* Swissport's press release here; *see also* copies of Swissport's website pages attached hereto as Exhibit "D"). Joe Phelan is also identified as President of Swissport in its corporate filings on record with the Indiana Secretary of State Office. (*See* Indiana Secretary of State documents attached hereto as Group Exhibit "B").

Also, pursuant to a partnership agreement, Swissport is the preferred supplier of cargo and ramp handling services to Cargolux Airlines International S.A.'s ("Cargolux") stations, one of which is in the Indianapolis International Airport. (*See* Swissport's website page here; *see also* copies of Swissport's website page attached hereto as Exhibit "E". *See also* Cargolux's website page here; *see also* copies of Cargolux's website page attached hereto as Exhibit "F"). Swissport's partner, Cargolux, is registered with the Indiana Secretary of State's Office, has an office in the Indianapolis International Airport and it too has a registered agent located in Indiana. *Id.*

Moreover, Swissport's interactive website, through which it conducts targeted advertising of its services to Indiana businesses and customers, is readily accessible to Indiana residents. (*See* Swissport's website here; *see also* copies of Swissport's website page attached hereto as Exhibit "C"). Swissport's interactive website also advertises its job openings within the State of Indiana as well as nationally and targets and solicits Indiana residents to fill its employment positions. (*See* Swissport's website here; *see also* copies of Swissport's website page attached hereto as Exhibit "G"). In fact, an Indiana citizen accessing Swissport's website can enter the search word "Indiana" in the requisite "State" field and, in response, Swissport will provide all of its job listings within the State of Indiana. (*See* Swissport's website here; *see also* copies of Swissport's website page attached hereto as Exhibit "G"). Similarly, given the close proximity

of Lake County residents to Illinois, an Indiana resident can also search for Swissport's job openings in Chicago by entering "Illinois" in the "State" field of its website. *Id.*

Swissport's interactive website also allows for the user to enter his contact information, including an e-mail address, for purposes of receiving from Swissport information related future job listings and employment opportunities. (*See* Swissport's interactive website here; *see also* a copy of Swissport's website page attached hereto as Exhibit "H"). Its website also allows the user to upload a resume or submit a job application for a particular opening. *Id.* This is precisely the type of interactive website the Illinois Northern District Court contemplated in *Scherr* provides to establish continuous and systematic contacts with the forum state for purposes of exercising personal jurisdiction over the defendant. *Scherr v. Abrahams* 1998 U.S. Dist. LEXIS 8531, *5 1998 WL 299678 (N.D. Ill. 1998) (court held the defendant's website was interactive because it allowed the user to type in an e-mail address and receive a copy of a publication in return)).

Although the Defendant suggests to this Court that Swissport would be surprised to defend a suit in Indiana, it is clear that Swissport is not a stranger to our State. It has established a desire to do business and have a substantial presence in Indiana- it has registered its business here, it has identified a registered agent to serve as the legal representative and contact for the business to receive summons, and it has an interactive website available to Indiana residents seeking them to secure employment with Swissport. With respect to its partnership agreement with Cargolux, which operates out of Indianapolis, it should come as no surprise to a conglomerate such as Servisair that it may have to litigate in Indiana's courts with respect to the services it provides within its borders. To that end, Mary has successfully established a *prima*

*facia* case that Swissport's continuous and systematic contacts with the State of Indiana are sufficient to vest this Court general personal jurisdiction over it.

**3. The Court's Exercise of Personal Jurisdiction Over Swissport Comports with "Traditional Notions of Fair Play and Substantial Justice," so that Swissport is Amenable to Service of Process in the State of Indiana.**

In evaluating whether the exercise of personal jurisdiction over Swissport comports with "traditional notions of fair play and substantial justice," the determinative factors are (1) the reasonableness of asserting personal jurisdiction over Swissport in light of any burden imposed on it, (2) Mary's interest in obtaining relief, (3) the interests of Indiana, (4) the judicial system's interest in efficiently resolving controversies, and (5) the "shared interest of the several States in furthering fundamental substantive social policies." *Asahi Metal Indus. Co., Ltd. V. Superior Ct. of Cal.*, 480 U.S. 102, 113 (1987). Exercise of the Court's jurisdiction in this case is fair and just.

As said, Swissport certainly has more than mere "minimum contacts" with Indiana- it has registered its business in Indiana, and it has identified an Indiana registered agent for purposes of Indiana residents communicating with Swissport within the State of Indiana, including designating an agent for purposes of service of process, it advertises employment opportunities to Indiana residents, and in a true business sense is open for business in Indiana. In contrast to Austrian Airlines allegation that Swissport would be surprised to be summoned in an Indiana district court, it is reasonable to infer that Swissport anticipates as much and has provided a means for service in Indiana, has included Indiana in its business plan, and has provided through its registered agent a conduit for business communication in our state. To that end, Swissport

would not be burdened by submitting to the jurisdiction of this Court because in anticipation of the same it has provided for such circumstances.

Indiana law requires each foreign corporation authorized to do business in Indiana to maintain continuously in Indiana a registered office and a registered agent in Indiana for service of process. Ind. Code § 23-1-49-7. For service of process on foreign corporations, Indiana law provides:

> (a) The registered agent of a foreign corporation authorized to transact business in Indiana is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation. *Turner v. Buske Lines, Inc.*, 2006 U.S. Dist. LEXIS 15718 *4, 5 (S.D. Ind. 2006).

The Seventh Circuit has held that if a foreign corporation is present and has an agent within the state, process may be served upon it. *Lindley v. St. Louis-San Francisco R. Co.*, 407 F.2d 639, 642 (7th Cir. 1968). The Eighth Circuit Court of Appeals has held that a foreign corporation which operates retail stores in a state and has a registered agent for service of process in a state has sufficient contacts with the state to satisfy the minimum contacts test for personal jurisdiction. *Dever v. Hentzen Coatings, Inc.*, 380 F.3rd 1070, 1075 (8th. Cir. 2004). Additionally, other circuits have identified the presence of a registered agent in the state as a considerable factor when determining if personal jurisdiction exists over a nonresident defendant. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006) quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Swissport's maintenance of a registered agent in Indiana is another way it invokes the benefits and protections of Indiana law so that it has purposefully availed to the jurisdiction of this Court. In that regard, it should come as no surprise to Swissport when required to defend an

action in Indiana. Thus, Swissport is amenable to service of process by this Court under Federal Rule of Civil Procedure 4(k)(1) as it is subject to the general jurisdiction of the Court for all of the above reasons. The request for waiver of service or summons would be served upon its registered agent, identified in its corporate documents filed with the Indiana Secretary of State Office, at its office in Indianapolis.

Secondly, Mary, who suffered an injury as a result of the conduct of both Austrian Airlines and perhaps Swissport, certainly has an interest in obtaining adequate relief. Moreover, as prescribed in the Montreal Convention, Mary's choice of forum is paramount in her obtaining the relief she seeks, given that she is a wheelchair-bound and completely immobile woman. In contrast, the burden on Swissport is small given it has systematic and continuous business throughout the United States.

Further, the State of Indiana has an interest in having its courts adjudicate over claims related to bodily injury of its handicapped citizens at the hands of an entity doing substantial business within its borders. In addition, the exercise of personal jurisdiction over Swissport will provide for judicial efficiency in resolving this controversy. Thus, given Swissport's substantial and meaningful contacts, ties and relations with Indiana and its systematic and continuous business in the United States as well as in Indiana, Swissport is amenable to service of process in Indiana and subject to this Court's binding judgments and personal jurisdiction. To that end, Mary's Motion for leave to amend her Complaint for purposes of including Swissport in the present action is not futile as the Court is vested with both subject-matter and personal jurisdiction over Swissport.

## IV. CONCLUSION

Wherefore, the Plaintiff, Mary Dordieski, respectfully requests that this Court grant her Motion for Leave to Amend her Complaint for purposes of naming Swissport in this suit and for all other relief just and proper in the premises.

Respectfully submitted,

**GIORGI & BEBEKOSKI, LLC**

By: Geoffrey G. Giorgi, 16279-49
Izabela Bebekoski, 27734-64
*Attorneys for Plaintiff,*
*Mary Dordieski*

**GIORGI & BEBEKOSKI, LLC**
9205 Broadway, Suite B
Merrillville, IN 46410
Phone: 219-738-1133