# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARY DORDIESKI, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　)<br>　v. 　　　　　　　　　　　　　　　)　　CAUSE NO.: 2:15-CV-180-PPS-PRC<br>　　　　　　　　　　　　　　　　　)<br>AUSTRIAN AIRLINES, AG, 　　　　)<br>　　　　Defendant. 　　　　　　　) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff, Mary Dordieski's, Motion For Leave to File First Amended Complaint [DE 23], filed by Plaintiff Dordieski on September 15, 2015. Defendant Austrian Airlines, AG filed a response on September 24, 2015. Dordieski filed a reply on October 6, 2015. Austrian Airlines, with leave of the Court, filed a surreply on October 20, 2015.

In the motion, Dordieski seeks to add as a defendant "Swissport Canada Handling, Inc., f.k.a. Servisair, Inc., a.k.a. Swissport International, Ltd." In its response, Austrian Airlines argues that Dordieski's motion should be denied because the Court has no personal jurisdiction over the proposed defendant and, consequently, the proposed amended complaint would be futile. Dordieski's reply lists multiple alleged contacts the proposed defendant has with the United States and Indiana and asserts that there is personal jurisdiction. Austrian Airlines' surreply rebuts Dordieski's assertion, arguing that the contacts Dordieski lists are largely a result of Dordieski conflating two subsidiaries of the same parent company.

Federal Rule of Civil Procedure 15(a) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that a court should not deny leave to file an amended complaint

in the absence of any apparent or declared reasons (e.g., undue delay, bad faith, dilatory motive), repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to an opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In the context of a challenge to personal jurisdiction, the standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(2). *Hundt v. DirectSat USA, LLC*, No. 08C7238, 2010 WL 1996590, at *2 (N.D. Ill. May 17, 2010) (citing *Farmer v. DirectSat USA, LLC*, No. 08-cv-3962, 2010 WL 380697, at *1 (N.D. Ill. Jan. 28, 2010)). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Regarding the instant motion, there is no indication of undue delay, bad faith, dilatory motive, past failure to cure deficiencies, or prejudice to Austrian Airlines. The only argument in opposition is that the amendment would be futile because the Court does not have personal jurisdiction over the proposed defendant.

Personal jurisdiction is a waivable defense. Fed. R. Civ. P. 12(h)(1). Thus, while inability to survive a 12(b)(2) motion places a proposed amended complaint inside the definition of "futile," the waivability of personal jurisdiction means that it is possible for a case, though technically "futile" on personal jurisdiction grounds, to proceed to the merits on the amended complaint. Assuming *arguendo* that the Court does not have personal jurisdiction over the proposed defendant, it may be that the proposed defendant wishes to consent to exercise of personal jurisdiction by this Court.

An amendment's "futility" is sufficient reason to deny leave to file an amended complaint, but there is no mandate making denial necessary in the event a proposed amendment meets the "futile" definition. Further, this Court is instructed to freely grant leave to file an amended complaint when justice so requires. This Court notes, without deciding, that Dordieski's proposed amended complaint may not survive a 12(b)(2) motion brought by the proposed defendant, but no such motion is before the Court and the proposed defendant may, in fact, wish to waive the issue. The Court finds that, in this case, justice requires allowing Dordieski to amend the complaint. After the amendment, the proposed defendant may then decide for itself whether to challenge personal jurisdiction, instead of the Court allowing Austrian Airlines to raise it on the proposed defendant's behalf. Additionally, given the disagreement regarding the proposed defendant's position in relation to an international parent company, the proposed defendant will be in the best position to provide the evidence needed to resolve this issue.

Based on the foregoing, the Court hereby **GRANTS** Plaintiff, Mary Dordieski's, Motion For Leave to File First Amended Complaint [DE 23]. The Court **ORDERS** Plaintiff to **FILE** the First Amended Complaint on or before **October 30, 2015**.

SO ORDERED this 27th day of October, 2015.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT